UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVINE LEE DAVENPORT,

    Petitioner,

v.

DUNCAN MACLAREN,

    Respondent.
_____/

Case No. 1:14-cv-1012

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition (R&R, ECF No. 9). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Pet'r Obj., ECF No. 10). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner sets forth two main objections to the Report and Recommendation. First, Petitioner argues that the Magistrate Judge erred in concluding that Petitioner is not entitled to habeas relief "because there was 'overwhelming evidence of Petitioner's guilt'" (Pet'r Obj., ECF No. 10 at PageID.2887; R&R, ECF No. 9 at PageID.2881). Petitioner acknowledges that the Magistrate Judge correctly recognized that "the burden is on the prosecution to establish beyond

a reasonable doubt that shackling Petitioner 'did not contribute to' the jury's guilty verdict" (Obj., ECF No. 10 at PageID.2887-2888, quoting R&R, ECF No. 9 at PageID.2881). Petitioner contends, however, that the Magistrate Judge "turned this burden on its head by concluding that 'it was completely reasonable for the jury to reject Petitioner's claim of self-defense and to instead find Petitioner committed first degree murder'" (Obj., ECF No. 10 at PageID.2888). Petitioner additionally contends that the Magistrate Judge "invaded the province of the jury" by making "her own credibility determinations with respect to the competing evidence in the case" (*id.*). Further, the Magistrate Judge failed to mention and address how the shackling of Petitioner communicated to the jury the trial judge's belief that Petitioner was violent and dangerous, which destroyed the presumption of innocence, and the prosecution's ability to meet its burden (*id.*).

First, to the extent that Petitioner directs this Court to his "attached Memorandum" for his arguments, such incorporation by reference does not constitute proper objection to a Report and Recommendation. Petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *See* W.D. Mich. LCivR 72.3(b); *see also* 28 U.S.C. § 636(b)(1). It is not this Court's responsibility to sift through Petitioner's forty-page Memorandum to ferret out an argument.

In any event, Petitioner's objection fails because the Magistrate Judge identified and applied the proper standard for analyzing the issue of Petitioner's shackling on habeas review. The Magistrate Judge noted that the trial court found that the prosecution satisfied its burden, a decision that was affirmed on appeal. The Magistrate Judge concluded that "given the overwhelming evidence of Petitioner's guilt, as well as the lack of evidence that the jurors were

2

influenced by Petitioner being in shackles, Petitioner is not entitled to habeas relief" (R&R, ECF No. 9 at PageID.2881).

Contrary to Petitioner's contention, the Magistrate Judge identified and applied the proper legal standards, including those for granting habeas relief (*id.* at PageID.2876-2879), e.g., "whether a state court unreasonably applies clearly established federal law" or "whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented" (*id.* at PageID.2878, citing 28 U.S.C. § 2254(d)(1) and (2)). The Magistrate Judge observed that "where a court . . . orders the defendant to wear shackles that will be seen by the jury, . . . [t]he State must prove 'beyond a reasonable doubt that the [shackling] . . . did not contribute to the verdict obtained.'" (*id.* at PageID.2880, quoting *Deck v Missouri*, 544 U.S. 622, 635 (2005). Moreover, the Magistrate Judge reiterated this standard when she stated that "the burden shifted to the prosecution to establish, beyond a reasonable doubt, that shackling Petitioner did not contribute to the jury's guilty verdict" (*id.* at PageID.2881). The Magistrate Judge then analyzed the trial testimony (*id.* at PageID.2881-84) as well as the jury testimony from the post-conviction hearing (*id.* at PageID.2885), under the proper standards, and properly concluded that Petitioner was not entitled to habeas relief.

After considering the evidence at trial, the Magistrate Judge stated that "it was completely reasonable for the jury to reject Petitioner's claim of self-defense and to instead find that Petitioner committed first degree murder" (*id.* at PageID.2884). Petitioner contends that the Magistrate Judge's analysis somehow demonstrates that a reasonableness standard was used when determining whether Petitioner's shackling contributed to the jury's guilty verdict. The Court disagrees. In using the word "reasonable" in her conclusions, the Magistrate Judge was merely referring to a proper basis for the jury's rejection of Petitioner's self-defense claim and its

3

return of a guilty verdict based on the evidence. Nothing in the Magistrate Judge's statement undermines the application of the legal standards set forth in the Report and Recommendation.

Petitioner fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Petitioner's first objection is denied.

In Petitioner's second objection, he again argues that the Magistrate Judge failed to apply the proper standard when determining that "Petitioner is not entitled to habeas relief due to the lack of evidence that the jurors were influenced by Petitioner being in shackles'" (Pet'r Obj., ECF No. 10 at PageID.2888, quoting R&R, ECF No. 9 at PageID.2881). Petitioner states that the "lack of evidence" standard is perplexing since "[t]he burden is on the prosecution to establish beyond a reasonable doubt that shackling Petitioner 'did not contribute' to the jury's guilty verdict" (*id.* at PageID.2889). Further, the Magistrate Judge cited no authority for relying on the jurors' self-evaluation of the prejudicial effect of the shackles" (*id.*).

Petitioner's second objection likewise fails because the Magistrate Judge identified and applied the proper standard for analyzing Petitioner's shackling, i.e., whether "the prosecution demonstrated beyond a reasonable doubt that the fact that Petitioner was shackled during his trial did not contribute to the jury's guilty verdict" (*id.* at PageID.2885). The Magistrate Judge analyzed the jury testimony from the state court post-conviction hearing, in light of the evidence, and under the appropriate standards for habeas relief (*id.*). The Magistrate Judge's reference to the jurors' testimony, or purported "self-evaluation" of the prejudicial effect, does not undermine the Magistrate Judge's analysis or ultimate conclusion.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or

deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 10) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 9) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: September 26, 2017        /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                              United States District Judge