UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVINE LEE DAVENPORT #179762,

          Petitioner,                                  Hon. Janet T. Neff

v.                                        Case No. 1:14-cv-1012

DUNCAN MACLAREN,

          Respondent.

_____/

## REPORT AND RECOMMENDATION

The Court has before it Petitioner's Motion for Bond Pending Complete Enforcement of Habeas Relief or Pending Appeal. (ECF No. 31.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **DENIED WITHOUT PREJUDICE**.

On July 18, 2008, following a jury trial, Petitioner was convicted of first-degree murder in the Kalamazoo County Circuit Court and sentenced to a term of life in prison without the possibility of parole. On September 25, 2014, after exhausting his state-court appeals, Petitioner filed a petition for writ of habeas corpus in this Court alleging a single claim, that Petitioner was denied his right to due process as a result of being shackled during his trial. On September 26, 2017, the Court denied the petition, finding that the prosecution demonstrated beyond a reasonable doubt that the fact Petitioner was shackled did not contribute to the jury's guilty finding. (ECF No. 11 at PageID.2944–45.)

Petitioner appealed to the Sixth Circuit, which issued a 2-1 opinion reversing this Court's decision and granting Petitioner a conditional writ of habeas corpus for Petitioner's release from prison unless the State of Michigan retries Petitioner within 180 days. *Davenport v. MacLaren*,

964 F.3d 448, 468 (6th Cir. 2020). On September 15, 2020, the Sixth Circuit issued a published

order denying Respondent's petition for rehearing en banc. *Davenport v. MacLaren*, 975 F.3d 537

(6th Cir. 2020).[1] On November 5, 2020, the Sixth Circuit denied Respondent's motion to stay the

mandate to permit time to file a petition for a writ of certiorari and for the Supreme Court to decide

it. On December 14, 2020, Respondent filed a petition for writ of certiorari in the United States

Supreme Court. (ECF No. 37.)

Petitioner moves for release pending enforcement of the Sixth Circuit's conditional writ of

habeas corpus or appeal pursuant to Federal Rules of Appellate Procedure 23(a) and (b). Rule

23(b) provides:

> (b) Detention or Release Pending Review of Decision Not to Release. While a
> decision not to release a prisoner is under review, the court or judge rendering the
> decision, or the court of appeals, or the Supreme Court, or a judge or justice of
> either court, may order that the prisoner be:
>
> (1) detained in the custody from which release is sought;
>
> (2) detained in other appropriate custody; or
>
> (3) released on personal recognizance, with or without surety.

Fed. R. App. P. 23(b). Rule 23(c) provides:

> (c) Release Pending Review of Decision Ordering Release. While a decision
> ordering the release of a prisoner is under review, the prisoner must—unless the
> court or judge rendering the decision, or the court of appeals, or the Supreme Court,
> or a judge or justice of either court orders otherwise—be released on personal
> recognizance, with or without surety.

Fed. R. App. P. 23(c). Rule 23(c) is more favorable to a petitioner seeking release than Rule 23(b).

Rule 23(c) "undoubtedly creates a presumption of release in such cases," *Hilton v. Braunskill*, 481

---

[1] The Sixth Circuit has clarified that the 180-day period runs from the date the mandate was ultimately issued, November 5, 2020. (ECF No. 33.) Accordingly, the Court has set May 4, 2021, as the date the 180-day period ends. (ECF No. 36.)

U.S. 770, 774 (1987), whereas the standard under Rule 23(b) is so demanding that "[t]here will be few occasions where a prisoner will meet [it]." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Although Petitioner cites both provisions in support of his motion, Respondent argues that Rule 23(c) applies because Petitioner has been granted habeas relief. A decision from this Court in *Smith v. Berghuis*, No. 1:03-CV-87, 2009 WL 1309507 (W.D. Mich. May 11, 2009), indicates that Rule 23(c) governs the issue of release in this case. There, the Sixth Circuit reversed the district court's judgment denying habeas relief and remanded with instructions to order that the petitioner be released from state custody unless the state retried the petitioner within 180 days. The petitioner filed a motion for release in the district court. The motion was referred to a magistrate judge, who issued a report and recommendation that the motion be denied because the petitioner failed to show the existence of special circumstances that Rule 23(b) required. *Id.* at *1. In his objections, citing *Walberg v. Israel*, 776 F.2d 134 (7th Cir. 1985), the petitioner argued that Rule 23(c) applied to his request. *Walberg* was procedurally indistinguishable from *Smith*—the Seventh Circuit had reversed the district court's denial of the habeas petition and issued a conditional writ of habeas corpus. Although the *Walberg* court's analysis was somewhat equivocal as to whether Rule 23(b) or Rule 23(c) applied to the petitioner's motion for bail, it ultimately applied Rule 23(c). *Walberg*, 776 F.2d at 136. The *Smith* court found that, while *Walberg* supported the petitioner's argument, it observed that *Walberg* was distinguishable because the petitioner had filed his motion with the court of appeals. The *Smith* court reasoned:

> If Petitioner is correct that Rule 23(c) applies, and *Walberg* at least suggests that he might be, the plain language of Rule 23(c) requires that he seek release on bond in "the court ... rendering the decision," which in this case is the Sixth Circuit. This conclusion is consistent with *Walberg*.

2009 WL 1309507, at *3.

*Smith* and the instant case are procedurally indistinguishable and, because it appears that

Rule 23(c) governs Petitioner's motion for release, the plain language of Rule 23(c) indicates that

he should seek relief in the Sixth Circuit, *i.e.*, "the court . . . rendering the decision."[2]

Accordingly, I recommend that the Court deny without prejudice Petitioner's motion for

bond (ECF No. 31) to allow him to refile it with the Sixth Circuit.

Dated: January 7, 2021                                   /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court

within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[2] The Sixth Circuit deferred petitioner Smith's subsequent motion for release pending appeal filed in that court to the Supreme Court "in the event the appellant wishes to refile his motion for consideration by the Supreme Court." *Smith v. Berghuis*, No. 06-1342, Dkt. 97-1 (6th Cir. Nov. 12, 2009).